**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1829-16T4

ANGELA CARPENTIERO,

    Plaintiff-Appellant,

v.

THE ESTATE OF JANE POCKNETT,

    Defendant-Respondent.

_____

Argued May 9, 2018 — Decided June 28, 2018

Before Judges Koblitz and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No.
L-1369-14.

J. Silvio Mascolo argued the cause for
appellant (Rebenack, Aronow & Mascolo, LLP,
attorneys; J. Silvio Mascolo, of counsel and
on the briefs).

David J. Dering argued the cause for
respondent (Leary, Bride, Tinker & Moran, PC,
attorneys; David J. Dering, of counsel and on
the brief).

PER CURIAM

    Plaintiff Angela Carpentiero appeals from an order granting

partial summary judgment on her strict liability claim and from

an order dismissing her common law negligence claim, which resulted in the dismissal of her complaint. Upon review of the record and in consideration of applicable law, we affirm.

On March 16, 2012, plaintiff suffered a dog bite to her face by a dog owned by Jane Pocknett.[1] At the time, plaintiff was working as a part-time groomer at Katie's Pet Depot and was bathing the dog. Thereafter, plaintiff filed a two-count complaint. Count one of the complaint was based on common law negligence. Count two was based on strict liability pursuant to N.J.S.A. 4:19-16.

During her deposition, plaintiff testified that she was an employee of Katie's Pet Depot rather than an independent contractor. Plaintiff also testified that had she known the dog was old and had arthritis, she would have muzzled the dog prior to grooming.

At the conclusion of discovery, defendant filed a motion for summary judgment. Following oral argument, the judge granted the motion on the strict liability count and denied the motion on the common law negligence count. In granting the motion, the judge found plaintiff to be an independent contractor. As such, the judge held that status qualified as an exception to the imposition of strict liability pursuant to our holding in <u>Reynolds v. Lancaster County Prison</u>, 325 N.J. Super. 298 (App. Div. 1999).

---

[1] Jane Pocknett died before plaintiff filed her complaint and her estate was named as a defendant.

To the contrary, the judge found common law negligence to be an issue which should be determined by the jury:

> In this matter, plaintiff has asserted that the dogs [sic] physical condition was such that, had she been made aware of it, she would have muzzled the dog to prevent its response to the grooming procedures that triggered the dog to bite her. The court on summary judgment is not in a position, on this record to determine whether the position asserted by plaintiff is credible or not. Credibility determinations are the sole province of the jury.

On September 30, 2016, the judge entered an order memorializing the decision. Neither party filed a motion seeking reconsideration of the order.

On November 28, 2016, during a pre-trial conference before the judge assigned to the trial of the case, the judge sua sponte dismissed the common law negligence count. In reaching that determination, the judge held the existence of a duty is one of law.

> Juries don't' decide whether she should or shouldn't have done this; juries decide whether or not they breached the duty, by not doing something that they were required to do, or doing something they were not supposed to do. So I decide the duty, or the appeals court.
>
> . . . .
>
> Under the circumstances of this case, I'm satisfied that the defendant-homeowner did not violate any duty. The only duty that would

A-1829-16T4

have made a difference in this particular case, based on the evidence that is achievable, is the dog's age and the claim, unsubstantiated claim, that somehow the age of the dog is sufficiently related to propensities to be dangerous, bite, or otherwise act out to the detriment of a groomer or veterinarian or somebody else; that there was a duty that would be imposed upon the owner to disclose that fact.

I accept, as I must, for the purposes of this context, the plaintiff's statement that, had she known that, that she would have muzzled the dog; and, therefore, prevented the injury from occurring. So I'm not altogether unconvinced that there's a proximate cause link here.

But I'm still satisfied that the plaintiff — the defendant in this case did not have an affirmative duty which was violated; that is, they had no duty to disclose information about the age of the dog.

The other issues about the dog's medical or physical condition are pure speculation; that it had bad hips or back or was otherwise infirm, and that contributed to the happening of this incident. As I understand it, there's no proffer that the plaintiff was an expert, had any medical training, was told anything about the medical condition about the dog, nor did she see any x-rays or diagnostic tests or medical or veterinary reports that would indicate that these things were so, after the fact, even to demonstrate that that was potentially a cause of the way this dog acted out.

The judge entered an order dismissing the complaint. On appeal, plaintiff raises the following points:

4

<u>POINT I</u>

THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF STRICT LIABILITY UNDER THE DOG BITE STATUTE AS THE ONLY CASE RELIED UPON BY DFENDANT, <u>REYNOLDS</u> [], IS DISTINGUISHABLE FROM THE FACTS OF THE PRESENT CASE.

    A. THERE IS A GENUINE ISSUE OF MATERIAL FACT REGARDING WHETHER OR NOT PLAINTIFF WAS AN EMPLOYEE OR INDEPENDENT CONTRACTOR AT THE TIME OF THE ACCIDENT.

    B. THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE NATURE OF PLAINTIFF'S JOB FALLS WITHIN THE EXCEPTION TO STRICT LIABILITY UNDER THE DOG BITE STATUE AS CREATED IN <u>REYNOLDS</u> [].

<u>POINT II</u>

THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT AS IT RELATES TO COMMON LAW NEGLIGENCE.

    A. [THE SECOND JUDGE] ERRED IN DISMISSING PLAINTIFF'S COMMON LAW NEGLIGENCE COUNT IN THE COMPLAINT AS [THE FIRST JUDGE] HAD PREVIOUSLY HELD THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMMON LAW NEGLIGENCE COUNT WAS DENIED.

    B. [THE SECOND JUDGE] ERRED IN DISMISSING PLAINTIFF'S COMMON LAW NEGLIGENCE COUNT IN THE COMPLAINT AS THE MATTER WAS LISTED FOR TRIAL AND A SUMMARY JUDGMENT MOTION WAS NOT PENDING.

We first address plaintiff's argument that the motion judge improperly granted partial summary judgment. In ruling on a

summary judgment motion, the motion judge must decide whether there is a genuine issue of fact or, instead, whether the moving party is entitled to judgment as a matter of law. R. 4:46-2(c). The motion judge must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court must give the non-moving party the benefit of all favorable inferences. Id. at 536. However, "when the evidence 'is so one-sided that one party must prevail as a matter of law,' . . . the trial court should not hesitate to grant summary judgment." Id. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

An appellate court reviews a grant of summary judgment de novo, using the same standard as the trial court. Turner v. Wong, 363 N.J. Super. 186, 198-99 (App. Div. 2003). Thus, the appellate court must determine whether a genuine issue of material fact is present and, if not, evaluate whether the court's ruling on the law was correct. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div.), certif. denied, 154 N.J. 608 (1998).

Pursuant to N.J.S.A. 4:19-16:

A-1829-16T4

The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

To establish a right of recovery under the this statute, a plaintiff must prove that (1) the defendant is the dog's owner, (2) the dog bit the plaintiff, and (3) the plaintiff was either bitten in a public place or was lawfully present in a private place. De Robertis v. Randazzo, 94 N.J. 144, 151 (1983). This rule of liability is subject to a limitation, one which has been raised here, allowing dog owners to assert a defense of contributory negligence when "plaintiff kn[ows] the dog ha[s] a propensity to bite either because of the dog's known viciousness or because of the plaintiff's deliberate acts intended to incite the animal." Pingaro v. Rossi, 322 N.J. Super. 494, 504-05 (App. Div. 1999) (internal quotations omitted).

The statute was construed in a limiting fashion in Reynolds, 325 N.J. Super. at 323-25, in which we held that an "assumption of the risk" defense may be available to negate absolute liability under the statue, in a situation where the plaintiff is or is employed by an independent contractor caring for the dog. The facts in Reynolds involved a Rottweiler, trained as an attack dog

for prisoner control, which had been donated by a Pennsylvania prison to a commercial enterprise, defendant Guard Dogs Unlimited, Inc. (Guard Dogs). Id. at 306-09. Guard Dogs owned about fifty dogs, which were rented to businesses for private security at night. Id. at 309. The dogs were kept in kennels in a warehouse or maintained by Guard Dogs in kennels on the customer's premises. Ibid. One day, while in the kennel, the dog attacked and bit an independent contractor of Guard Dogs, Abbott, and then a few weeks later attacked and bit Guard Dogs' principal, Reynolds. Id. at 306. Both men were seriously injured. Abbott filed a suit against Guard Dogs and the prison. Reynolds sued the prison but not his employer, Guard Dogs. In a consolidated jury trial, both Reynolds and Abbott obtained sizeable money judgments based upon the jury's findings of the defendants' negligence. Ibid.

After analyzing the facts and applicable legal principles, including case law from California, the panel in Reynolds concluded that the absolute liability provisions of the New Jersey statute did not apply to independent contractors such as Abbott. Reynolds, 325 N.J. Super. at 323-24. In the course of its analysis, Reynolds pointed out by analogy how a veterinarian, for example, should not be entitled to take advantage of the absolute liability provisions of N.J.S.A. 4:19-16, because a veterinarian is in the profession of caring for dogs. Ibid. (citing Nelson v. Hall, 154 Cal. App.

3d 709 (1985)).  As such, a veterinarian has special skills and experience to recognize whether dogs are vicious or prone to bite and thus is "in the best position to take necessary precautions." Ibid. (internal quotation marks omitted).

The circumstances presented here are similar to Reynolds in that plaintiff was an experienced dog groomer.  Prior to the incident, she worked in that capacity for a number of years. Plaintiff undertook the grooming of defendant's dog with the work experience to recognize the risk of a bite and to take precautionary measures.  As she acknowledged implicitly during her deposition, she could have muzzled the dog as a precautionary measure but did not.  We conclude that there was no proof that defendant was aware of a dangerous propensity of her dog, which she intentionally or negligently concealed.  This failure of proof, coupled with plaintiff's status, caused the judge to properly apply the exception.

We next turn to plaintiff's argument that it was error for the second judge to dismiss the common law negligence count in disregard of the "law of the case."  The "law of the case" doctrine prohibits a second judge on the same level, in the absence of additional developments or proofs, from differing with an earlier ruling.  It is a non-binding rule intended to prevent re-litigation of a previously resolved issue.  Lombardi v. Masso, 207 N.J. 517,

538 (2011). A hallmark of the "law of the case" doctrine is its discretionary nature, calling upon the deciding judge to balance the value of judicial deference for the rulings of a coordinate judge against those factors that bear on the pursuit of justice and, particularly, the search for truth. See Little v. KIA Motors Am., Inc., 425 N.J. Super. 82, 91-92 (App. Div. 2012) (citations omitted).

Here, the second judge dismissed the common law negligence count after finding that the issue of duty was a question of law and not a question of fact. We agree as "[t]he determination of the existence of a duty is a question of law for the court." Petrillo v. Brachenberg, 139 N.J. 472,479 (1995).

Predicated upon the unrefuted facts from the discovery record: that the dog was old, but not that it had a propensity to bite, the judge held that defendant owed no duty to plaintiff as a matter of law. The second judge properly exercised discretion in reevaluating the legal issue.

Finally, we find no basis for error in the procedure employed by the second judge. As noted, the motion was raised sua sponte and resulted in a dispositive ruling. Notwithstanding, from our review of the record, plaintiff's counsel who was well versed with the discovery record, was provided a fair opportunity to be heard.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1829-16T4